**Opinion filed April 20, 2023**



In The

# Elebenth Court of Appeals

—————

## No. 11-21-00285-CV

—————

## IN THE INTEREST OF G.L.G., A CHILD

**On Appeal from the 42nd District Court**
**Callahan County, Texas**
**Trial Court Cause No. 22086**

### M E M O R A N D U M   O P I N I O N

The Texas Office of the Attorney General (OAG) instituted the underlying proceeding for the purpose of enforcing a child support order against Appellant, Gregory Garner, and collecting associated arrearage. The trial court signed a final order on November 15, 2021, and found that Garner was in arrears in the amount of $29,458.44. Additionally, the trial court modified Garner's support obligations and ordered that Garner pay $673 in child support, $100 in cash medical support, $25.56 in cash dental support, and $200 toward the arrearage each month beginning December 1, 2021. Garner appeared pro se at the final hearing and is continuing to

proceed on appeal without the assistance of counsel.[1]  On appeal, Garner challenges the trial court's arrearage and support modification findings.[2]  We affirm.

## I.  *Factual Background*

Garner and Michelle Harrison married in 2006.  During the course of their marriage, Garner and Harrison had a son, G.L.G.  In 2014, Garner and Harrison divorced in New Mexico.  A New Mexico trial court signed a stipulated divorce decree that, among other things, ordered Garner to pay monthly child support in the amount of $413 and to submit to reunification counseling.  After the unsuccessful reunification with G.L.G., Garner believed that his parental rights to G.L.G. had been terminated; therefore, he assumed that he no longer had any support obligations.

In March 2021, the same New Mexico trial court that signed the divorce decree transferred jurisdiction of this case to Texas because all parties had relocated to Texas.  In May 2021, pursuant to the Uniform Interstate Family Support Act (UIFSA), the OAG filed a notice to register the foreign support order and later initiated the underlying suit to enforce and modify the support order.  *See* TEX. FAM. CODE ANN. ch. 159 (West 2014).  In its suit, the OAG requested that the Texas trial court confirm and enter judgment for the support arrearage, which totaled $27,806.44, and to modify the support order to include health and dental support obligations.

---

[1]We liberally construe briefs and other filings that are submitted by pro se parties; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure.  *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).

[2]The trial court held the enforcement/modification hearing on November 9, 2021.  This appeal was abated to allow the trial court to clarify matters relating to the appellate record.  Namely, Garner requested that the recording of the enforcement/modification hearing, and associated exhibits from that hearing, be submitted to this court for review.  A supplemental clerk's record was later filed to include the recording and exhibits.

Garner requested a hearing to challenge the OAG's requests. The trial court held a hearing on November 9, 2021, and testimony from Harrison, Kayla D. McCartor, and Garner was presented. Harrison testified to the amounts that she currently paid for health, dental, and vision care for G.L.G. McCartor, an employee of the OAG, testified that she reviewed Garner's income for the past year and that Garner's monthly income averaged $1,980.

Garner did not dispute his current and continuing obligation to pay child support; however, he did dispute the arrearage amount that had accrued during the period when he believed that his parental rights had been terminated and that his child support obligations had ended. Garner stated he was aware that under the terms of the divorce decree, he was obligated to pay child support. However, according to Garner, after his divorce from Harrison and an unsuccessful reunification with G.L.G., his attorney in New Mexico informed him of the option to terminate his parental rights and thus end his child support obligations. Garner testified that he completed the petition to terminate his parental rights as instructed by his attorney. As a result, he believed that after he signed the petition, his parental rights were effectively terminated and that he no longer had any rights or obligations to G.L.G. Although the New Mexico trial court denied Garner's petition to terminate, Garner was not notified of the court's ruling.

Garner also testified to the amount of his current monthly income. Garner stated that he was unemployed but expected to begin a new job soon. Garner testified that he expected to work full time at this new job (40 hours per week) and earn $25 per hour.

During closing arguments, the OAG requested that the child support order be modified to require that Garner pay $673 in child support, $100 in cash medical, and $25 in cash dental each month beginning on December 1, 2021; these amounts were based on Garner's current monthly income and because he did not have other

3

children to support that were under the age of eighteen. The OAG also requested that Garner be held in contempt for failing to pay several monthly support payments. Garner stated in his closing that he had paid monthly child support since the OAG had advised him of his obligation to do so. According to the OAG, the pay records indicated that Garner did not begin making child support payments until 2018.

The trial court found that there was sufficient evidence to enforce the child support arrearage and ordered that Garner pay $200 per month until the arrearage was satisfied. The trial court declined to make a contempt finding because of Garner's genuinely held belief that his support obligations had terminated. The trial court also modified the child support order, based on Garner's current job and income information, to include $100 in cash medical, $25 in cash dental, and $673 in child support to be paid each month beginning on December 1, 2021. This appeal followed.

## II.  *Standard of Review*

"A court's order of child support will not be disturbed on appeal unless the complaining party can show a clear abuse of discretion." *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). "The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable." *Id.* A trial court also abuses its discretion by failing to analyze or apply the law correctly. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

## III. *Analysis*

Garner raises four issues on appeal. Three issues are raised for the first time on appeal. The only complaints presented to and ruled on by the trial court pertained to child support; specifically, what, if any, child support arrearage Garner owed and what, if any, modifications should be made to the child support order. On appeal, however, Garner asserts issues that are akin to tort claims against the OAG, the

4

counseling agency, and Harrison, as well as issues with the separation order—such as custody—that are more appropriately asserted as other causes of action under the Family Code. To the extent Garner's arguments pertain to whether the trial court erred when it (1) enforced the child support arrearage or (2) modified the child support order, we have considered them in our opinion. But the record shows that Garner did not present these arguments to the trial court and that the trial court did not have the opportunity to rule on, or refuse to rule on, any potential tort claim or other provisions of the support order that Garner now challenges. Thus, Garner failed to preserve these issues for our review. *See* TEX. R. APP. P. 33.1(a).

The only issue for our consideration is whether the trial court erred when it signed an order to confirm Garner's support arrearage and to modify his support obligations. With regard to the trial court's order, Garner's brief, liberally construed, purports to assert that the trial court erred in four respects: (1) Garner should not be liable for child support arrears because he believed, mistakenly, that he had terminated his parental rights and, as a consequence, his child support obligations; (2) Garner should not have a continuing obligation to pay child support because his access to G.L.G. had been denied; (3) Garner paid $3,196 in child support directly to Harrison, which was not considered when the trial court calculated the child support arrearage amount; and (4) Garner's business bank account had a lien illegally placed against it in February 2020.

First, Garner's argument that he had the mistaken belief that his parental rights and support obligations were terminated is an estoppel argument. Similarly, Garner's second argument—that it is not "fair and reasonable" to require him to continue making child support payments when he has been refused access to G.L.G., as is his right as set forth in Section 153.073 of the Family Code—is an equitable argument. Because Garner's first and second arguments require an analysis of

5

equity as an affirmative defense to the payment of child support, we consider these arguments together.

Estoppel is an equitable defense that "arises where by [the] fault of one, another has been induced to change his position for the worse." *Off. of Att'y Gen. of Tex. v. Scholer*, 403 S.W.3d 859, 862 (Tex. 2013) (citing *Wirtz v. Sovereign Camp, W.O.W.*, 268 S.W. 438, 441 (Tex. 1925)). This equitable doctrine operates to prevent injustice and protect those who have been misled. *Scholer*, 403 S.W.3d at 862 (citing *Roberts v. Haltom City*, 543 S.W.2d 75, 80 (Tex. 1976); *Davis v. Allison*, 211 S.W. 980, 984 (Tex. 1919)).

In *Scholer*, the supreme court considered whether estoppel could be asserted as an affirmative defense to one's obligation to pay child support. 403 S.W.3d at 862. Similar to Garner's dilemma, the parent in *Scholer* also believed that his parental rights and child support obligations had been terminated. *Id.* However, this belief was incorrect and the parent continued to accrue a child support arrearage that the OAG later sought to enforce. *Id.*

In reaching its holding in *Scholer*, the court reasoned that (1) the Family Code limits an obligor to a single affirmative defense and a court may not adjust arrearage amounts that are contrary to the statutorily mandated exceptions, offsets, and counterclaims, *see* FAM. §§ 157.008, .263 (West Supp. 2022), and (2) the Family Code characterizes child support as a duty rather than a debt, *see, e.g.,* FAM. §§ 154.006, .013, .128. *Scholer*, 403 S.W.3d at 865–66. Thus, the court held:

> Because [the] payment of child support reflects a parent's duty to his child, furthering the child's welfare and best interests, estoppel is not an affirmative defense to a child support enforcement action. A parent who owes that duty must diligently satisfy it. If he is displeased with access, he may ask the court to modify or enforce the visitation order, or to hold the custodial parent in contempt for violating it. *See* FAM. §§ 156.001, 157.001(a)–(b). If he is unable to pay, he may seek a modification of the support order. *See id.* § 156.401. If he believes his

rights and his support obligations have been terminated, he should ensure a court order reflects that. *See id.* § 161.206; *cf. In re E.R.*, 385 S.W.3d 552, 555 (Tex. 2012) (recognizing that "a parent must remain vigilant with respect to her child's welfare"). But except for the very narrow circumstance recognized by law—the obligee's relinquishment of possession and the obligor's provision of support—he may not rely on the other parent's actions to extinguish his support duty.

*Id.* at 866–67.

Here, Garner has a duty to further G.L.G.'s welfare and best interests and that duty is not negated by the actions of others—irrespective of whether these actions consisted of a lawyer who allegedly misinformed Garner as to his continuing support obligations or Harrison's efforts to limit Garner's access to the child. To the extent that Garner is displeased with the actions of others, he may seek appropriate relief in the trial court by asserting other causes of action. But the actions of others will not terminate Garner's child support duty because it is wholly his responsibility to further the welfare and best interests of his child. Moreover, the Family Code specifically prohibits courts from conditioning the payment of child support on whether one parent allows the other to have access to the child. FAM. § 154.011. Therefore, the trial court did not err when it found that Garner's mistaken belief, and Harrison's actions, did not excuse him from satisfying his child support arrearage.

Next, Garner argues that he paid $3,196 in child support to Harrison that was not included in the OAG's calculation of his total arrearage amount. A respondent may offer evidence to controvert the contents of a payment record that is submitted with a motion to enforce. FAM. § 157.162. However, Garner did not submit such evidence to the trial court or make available to the OAG the documentation that supported his argument that these payments were, in fact, made. As such, these payments are not included in the record before us and were not available for the trial court's consideration when it calculated and confirmed Garner's child support arrearage. We may not consider evidence that is not in the appellate record or factual

assertions that appear solely in the appellate briefs that were not presented to the trial court for determination. *See* TEX. R. APP. P. 34.1; *Perry v. S.N.*, 973 S.W.2d 301, 303 (Tex. 1998). Thus, the trial court did not err when it calculated Garner's child support arrearage.

Finally, Garner argues that the OAG illegally placed a lien on his business bank account. Child support can be enforced by attaching a lien as provided in subchapter G of chapter 157 of the Family Code. *See* FAM. § 157.312. We cannot assess whether the OAG placed this lien in accordance with the requirements of subchapter G because Garner did not raise this argument in the trial court and there is no evidence concerning the lien in the record. Because the trial court did not have the opportunity to rule on, or refuse to rule on, whether this lien was inappropriately placed on Garner's business bank account, Garner failed to preserve this argument for our review. *See* TEX. R. APP. P. 33.1(a). Therefore, the trial court did not abuse its discretion when it signed its order to confirm Garner's child support arrearage and to modify his continuing child support obligation. Accordingly, we overrule Garner's issues on appeal.

## IV. *This Court's Ruling*

We affirm the judgment of the trial court.

W. STACY TROTTER
JUSTICE

April 20, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.